# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                        Case No. 05-CV-1282

WILLIAM P. DOUCAS,
and ELIZABETH DOUCAS,

        Defendants.

## ORDER

On June 27, 2011, defendants William P. Doucas and Elizabeth Doucas ("Doucases") filed a Motion for Extension of Time (Docket #40) requesting modification of the Agreed Installment Payment Order ("Installment Order") (Docket #39) governing payments the Doucases must make toward the judgment in this case. The judgment, entered in February 2006, arises from unpaid federal income taxes, penalties and interest as well as unpaid trust-fund-penalty assessments. The court issued the Installment Order on July 21, 2010. The order required the Doucases pay $20,210.00 on the sixteenth of each month until satisfaction of the judgment. The Doucases made payments through April 2011, but, as of the filing of the instant motion, had not paid the May or June 2011 payments. The Doucases' motion thus requested until July 20, 2011, to make the May, June and July payments. Because full briefing extended beyond the requested July 20, 2011

deadline, the Doucases ask in their reply brief to have until August 19, 2011, to make the May, June, July, and August payments.

The Doucases' asserted reason for their inability to pay these installments is the entry of a preliminary injunction in a case against the Doucases in the U.S. District Court for the Middle District of Florida. That case also resulted from unpaid federal tax liability. The district court there entered a preliminary injunction preventing the Doucases from encumbering, liquidating, transferring, or disposing of a cumulative value of $250,000 or more of the shares or assets of the Doucases' closely-held corporation Engage Networks, Inc., or its wholly-owned subsidiary Elutions, Inc. According to their motion, the Doucases assert that this injunction "for all intents and purposes, prevented the Doucases from receiving significant upstream distributions from an account with Goldman Sachs titled in Elutions' name, and other accounts, that were or could be used to pay the two and future installment payments in this case." This is the extent of the showing made. The Doucases state in their reply brief that a global settlement has now occurred, and the preliminary injunction should be dissolved in time to conform to the requested August 19, 2011 payment deadline for all payments currently owing.

The Doucases also requested that the court order the plaintiff United States to provide an accurate account of the balance owing. However, on August 2, 2011, they filed a Motion for Leave to File Amended Reply (Docket #43) which essentially abandons their request for an accounting (presumably because one has been

provided). Thus, the court will grant that motion and deny that portion of the motion for extension as moot. In turn, the United States, in its briefing, but not by motion, requests not only denial of the motion but that the court order William Doucas be held in civil contempt and that it be awarded related attorneys' fees.

I. **MODIFICATION OF INSTALLMENT ORDER**

The Doucases have failed to sufficiently establish that the court should modify the Installment Order as requested. "On motion of the . . . judgment debtor, and upon a showing that the judgment debtor's financial circumstances have changed or that assets not previously disclosed by the judgment debtor have been discovered, the court may modify the amount of payments, alter their frequency, or require full payment." 28 U.S.C. § 3204(b). While the preliminary injunction in the Florida case may have hampered the Doucases' access to funds in some fashion, that fact standing alone fails to establish that their financial circumstances have changed such that they could not make payments in the amount of $60,630 over the course of three months (or $80,840 by the upcoming August 16, 2011 due date). First, the Doucases have failed to submit any other financial information to support the assertion that, without access to the assets or funds involved in the preliminary junction, they have access to no other funds in order to make the payments required by the Installment Order. What little argument the Doucases do provide is vague, referencing only "upstream distributions" from a Goldman Sachs account and "other accounts that were or could be used" to make payments here. Second, even

assuming that the funds involved in the preliminary injunction are the *only* available funds to make payments here, the injunction prevents only the transfer of *greater than $250,000*. The Doucases have provided no reason why they cannot make payments in the amount of either $60,630 or $80,840 on time when either of those amounts would fall well below the transfer threshold of the injunction. Thus, on the showing presented, the Doucases have not established that changed financial circumstances warrant modification of the Installment Order.

## II.  CONTEMPT

As to contempt, the Doucases are correct that the United States has not properly sought such an order and the court will deny that request. Contempt sanctions require the alleged contemnor be given appropriate due process, including adequate notice and a fair opportunity to be heard. *U.S. Sec. & Exch. Comm'n v. Hyatt*, 621 F.3d 687, 694 (7th Cir. 2010). Due process concerns are generally satisfied by use of the procedures provided in the Federal Rules of Civil Procedure, specifically Rules 6 and 7. *Id.* at 695. More specifically, Rule 7 requires that a request for a court order be made by motion. Fed. R. Civ. P. 7(b)(1). The United States has failed to request its relief by motion in this case, and the court will thus deny the request without further examining contempt procedures. Accordingly, the court will also deny the United States' request for attorneys' fees related to contempt, as it has not entered such an order.

### III. CONCLUSION

In sum, because the Doucases have failed to make a sufficient showing of changed financial circumstances, the court will deny the request to modify the Installment Order. The past-due payments remain owing, and the August payment remains due on August 16, 2011. However, the court will not grant the United States' request for entry of an order for contempt without a proper motion. Given that the court will deny modification of the Installment Order, further relief from this court is left to the government to pursue as it wishes. The court will also deny the Doucases request for an account of the balance due as moot in light of their amended reply, which the court grants leave to file.

Accordingly,

**IT IS ORDERED** that the defendants' Motion for Leave to File Amended Reply (Docket #43) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that the defendants' Motion for Extension of Time (Docket #40) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of August, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge